IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KALEB MCINTOSH,

    Plaintiff,

  v.

ARIANA GRANDE-BUTERA,
MAX MARTIN, AND
MONTE LIPMAN,

    Defendants.

No. C 18-07758 WHA

**ORDER DECLINING REPORT
AND RECOMMENDATION AND
DISMISSING AMENDED COMPLAINT**

## INTRODUCTION

In this civil rights action, Magistrate Judge Donna Ryu has filed a Report and Recommendation regarding dismissal of the *pro se* plaintiff's first amended complaint. For the reasons below, the Report and Recommendation is **MOOT** and the second amended complaint is **DISMISSED**.

## STATEMENT

*Pro se* plaintiff Kaleb McIntosh brought this action under diversity jurisdiction in December 2018 alleging that the lyrics of and music video for the song, "God is a Woman," performed by singer Ariana Grande-Butera, violated plaintiff's First Amendment rights and 47 U.S.C. Section 151, due to the presence of allegedly "slander[ous]" and offensive words and imagery (Compl. at 5, 6). An *in forma pauperis* application was approved in February 2019 and the complaint was screened pursuant to 28 U.S.C. Section 1915(e) (Dkt. No. 10). Plaintiff was

granted leave to file an amended complaint addressing deficiencies identified in the screening order. He filed two "amendments" to the original complaint, which were construed together as his first amended complaint (Dkt. Nos. 11, 13).

Liberally construing plaintiff's First Amendment claims as claims under 42 U.S.C. Section 1983, that Grande's lyrics and music video violated his First Amendment rights due to the presence of slanderous and offensive words and imagery, Magistrate Judge Donna Ryu filed a Report and Recommendation to dismiss plaintiff's first amended complaint as to his 42 U.S.C. Section 1983 claim with prejudice. A plaintiff must allege two elements to state a Section 1983 claim: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. Magistrate Judge Ryu found that plaintiff's Section 1983 claim failed to satisfy the second element, as he has not alleged that defendant was acting under the color of state law.

Plaintiff's claim additionally alleged that defendant violated Title II of the Civil Rights Act of 1964, Section 201(a), 42 U.S.C. Section 2000a, which provides a claim for relief for discrimination or segregation in places of public accommodation. Magistrate Judge Ryu also recommended dismissal, with leave to amend, this new Title II claim. Although plaintiff alleged that the song "God is a Woman" should not be played in "any movie picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment" (Dkt. No. 11 at 4), plaintiff had not identified a specific occasion when he entered or attempted to enter a place of public accommodation and was subsequently denied "the full and equal enjoyment" of its "goods, services, facilities, privileges, advantages, and accommodations" on account of his religion or other protected characteristic (Dkt. No. 14 at 4). Magistrate Judge Ryu found that plaintiff therefore failed to state a claim under Title II.

Following Magistrate Judge Ryu's filing of the Report and Recommendation and the reassignment of the case to the undersigned, plaintiff has filed a second amended complaint which has removed two defendants, leaving Ariana Grande-Butera. Plaintiff does not include original claims but makes new claims under: (1) California Penal Code Section 206 (torture); (2) California Penal Code Section 646.9 (stalking); (3) California Penal Code Section 186.28

(criminal street gang activity); (4) Uniform Trade Secrets Act; and (5) California Penal Code Section 182 (conspiracy) (Dkt. No. 17 at 5–6).[*] Therefore, to the extent that claims in the first and second amended complaints overlap, Magistrate Judge Ryu's Report and Recommendation to Dismiss the claims in the [First] Amended Complaint is **ADOPTED**.

Plaintiff now alleges that singer Ariana Grande-Butera has been stalking him in Daly City, California, using an electronic device to take pictures, read thoughts, and track his location with a radio-frequency identification chip implant. He alleges that defendant is a member of the Ku Klux Klan, is in contact with members of the Taliban as well as criminal street gangs. He claims that the Uniform Trade Secrets Act prohibits espionage with stalking devices that read thoughts and take pictures of trade secrets, and claims that defendant is attempting espionage and interfering with his recruitment into the Navy, as well as conspiring to monitor military operations for a foreign government (Dkt. No. 17 at 3–6).

Plaintiff's second amended complaint makes certain California Penal Code claims against defendant (*ibid.*). None of these statutes provides a private individual with the right to sue the creators of material that the individual asserts is obscene. Magistrate Judge Ryu recommended that plaintiff's previous claims under California Penal Code Sections 311(a) and 31 be dismissed with prejudice, as they also did not provide rights to sue to private individuals.

**ANALYSIS**

Congress' goal in creating the *in forma pauperis* statute was to put indigent plaintiffs on a similar footing with paying plaintiffs. Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. To prevent such abusive litigation, 28 U.S.C. Section 1915(e)(2) requires federal courts to dismiss a claim filed *in*

---

[*] Although plaintiff's second amended complaint states that the following federal laws or rights are involved, the complaint itself fails to make claims under those laws: (1) Civil Rights Act of 1871 (federal law that was passed to protect southern African Americans from the Ku Klux Klan by providing a civil remedy for violence and abuses then being committed in the South during Reconstruction); (2) Espionage Act of 1917; (3) 18 U.S.C. Section 2261A Stalking; (4) 18 U.S.C. Section 241 Conspiracy against rights; and United Nations Convention Against Torture (Dkt. No. 17).

3

*forma pauperis* if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

In defining the meaning of "frivolous" under Section 1915(e)(2)(B), the United States Supreme Court has held that the *in forma pauperis* statute gives judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Nietzke v. Williams*, 490 U.S. 319, 327 (1989). "A court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations . . . [A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Here, plaintiff alleges that a popular singer has implanted a painful radio frequency tracking device in him and is stalking him with satellites. He claims that she "promotes NASA in her music, a government agency . . . using DEW lasers, malemute sounding rockets, and the Blue Beam Project to violate civil rights, privacy and attempt terrorism." Plaintiff claims that her song, "Everyday," is sexually obscene. He claims that the singer "flies her own jet without a pilot while having PTSD and using medication as well as a felony record." He alleges that "she is satanic and conspiring to attempt domestic terrorism on America, a violation of Section 802 of the USA Patriot Act" (Dkt. No. 17 at 3–6). These allegations describe fantastic or delusional scenarios and therefore meet the Supreme Court's standard as clearly baseless factual contentions describing delusional scenarios (*Nietzke*, 490 U.S. at 327).

**CONCLUSION**

To the extent of overlap of claims between plaintiff's first and second amended complaints, Magistrate Judge Donna Ryu's Report and Recommendation regarding dismissal of plaintiff's first amended complaint is **ADOPTED**.

4

Following the standard created by the United States Supreme Court, plaintiff's second amended complaint is **DISMISSED WITH PREJUDICE**. The clerk shall please close the file.

**IT IS SO ORDERED.**

Dated: April 26, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE